IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CHARLES AL-PINE, <br> TDCJ No. 1422624, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 7:19-cv-00028-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is an amended Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Charles Al-Pine ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 22. After consideration of the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition **with PREJUDICE** as time-barred.

**I.    BACKGROUND**

Petitioner is confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 22. According to the Petition, Petitioner challenges the validity of his state conviction of aggravated assault with a deadly weapon. *Id.* at 2. He seeks federal habeas relief based on due process and Sixth Amendment violations. *Id.* at 6. The Court has not ordered Respondent to file a response in this case.

Sentence for Petitioner was imposed on February 27, 2007. *Id.* at 2; *see also Offender Information Details*, TEXAS DEP'T OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/Offender

Search/offenderDetail.action?sid=02906356 (last visited September 27, 2019). Petitioner alleges that he filed a direct appeal in the First Court of Appeals, and that a final decision was rendered on June 12, 2008. ECF No. 22 at 3. Petitioner also contends that he filed a state habeas application on July 28, 2010, which was denied without written order by the Texas Criminal Court of Appeals ("TCCA") on the same day. *Id.* at 3-4. Petitioner filed his initial petition on August 3, 2018 in the United States District Court for the District of New Mexico. ECF No. 1. The District Court for the District of New Mexico ordered Petitioner to either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 3. Petitioner filed a Motion to Proceed *In Forma Pauperis*, which the District Court for the District of New Mexico denied, explaining that he was not in immediate danger of serious physical injury and had accrued in excess of three strikes under 28 U.S.C. § 1915(g). ECF Nos. 5-6.

Petitioner appealed the district court's decision, and the United States Court of Appeals for the Tenth Circuit reversed. ECF No. 15. The Tenth Circuit reasoned that the three-strike rule was inapplicable because Petitioner brought his petition under 28 U.S.C. § 2241. *Id.* at 1-2. Further, the Tenth Circuit held that the case should be transferred to this Court because Petitioner filed his initial petition in the wrong district. *Id.* The case was transferred to this Court on March 22, 2019 and automatically referred to the undersigned pursuant to Special Order 3 on March 25, 2019. ECF Nos. 16-18. The undersigned ordered Petitioner to file an amended Petition, which he did on April 26, 2019. ECF No. 22.

II.    **LEGAL STANDARD AND ANALYSIS**

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A.   Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the

affirming court's judgment to file a petition for discretionary review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

Petitioner was sentenced on February 27, 2007. ECF No. 22 at 2. He alleges that he filed a direct appeal in the First Court of Appeals, and that a final decision was rendered on June 12, 2008. *Id.* at 3. Given that Petitioner did not file a PDR with the TCCA, his conviction became final on July 12, 2008. *See* 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a).

**B.     Petitioner is Not Entitled to Statutory Tolling**

Petitioner further alleges that he filed a state habeas application on July 28, 2010, which was denied without written order by the TCCA on the same day. ECF No. 1 at 3-4. AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Because Petitioner contends that his state application for writ of habeas corpus was filed and denied on the same day, the federal limitations period was not tolled. Moreover, Petitioner's state writ of habeas corpus,

4

filed on July 28, 2010, was filed over a year after the federal limitations period had expired. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Therefore, the one-year period in which Petitioner was required to file his federal habeas petition expired on July 12, 2009, making his petition over nine years late.

      **C.**      **Petitioner is Not Entitled to Equitable Tolling**

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Id.* at 606 (quoting *Williams v. Thaler*, 400 Fed. Appx. 886, 890–91 (5th Cir. 2010)). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not allege facts to establish any entitlement to equitable tolling. He did not file his state habeas petition for over two years after his conviction became final and over a year after the federal limitation period expired. He did not file the instant federal petition for over nine years after his state application was denied. Petitioner has not sufficiently established that he acted with reasonable diligence in pursuing his claims or that extraordinary circumstances prevented him from timely filing. Accordingly, Petitioner does not show any entitlement to equitable tolling.

### III.  CONCLUSION AND RECOMMENDATION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the amended Petition for Writ of Habeas Corpus, ECF No. 22, **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    Signed **September 30**, **2019**.

                                                                 _____
                                                                 Hal R. Ray, Jr.
                                                                 UNITED STATES MAGISTRATE JUDGE